IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEAUNDRAY CHRISSHAWN WILLIAMS,

    Defendant.

Case No. 25-CR-69-JFH

## OPINION AND ORDER

Before the Court is an Opposed Motion to Dismiss Indictment on Constitutional Grounds and Brief in Support ("Motion") filed by Defendant Deaundray Chrisshawn Williams ("Defendant"). Dkt. No. 30. The United States of America ("Government") opposes the Motion. Dkt. No. 31. For the following reasons, Defendant's Motion [Dkt. No. 30] is DENIED.

## BACKGROUND

On April 9, 2025, Defendant was charged by indictment with Felon in Possession of Firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(8). Dkt. No. 2. Defendant is set for trial on the Court's October 6, 2025 jury trial docket. Dkt. No. 27.

## AUTHORITY AND ANALYSIS

Defendant moves for dismissal of the indictment based on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022), arguing that the federal felon-in-possession statute codified at 18 U.S.C. § 922(g) is unconstitutional facially and as applied. Dkt. No. 30. Specifically, Defendant argues that the Nation's historical tradition of firearms regulation does not support permanently disarming persons for crimes like those allegedly committed by Defendant. *Id*. Defendant's Motion acknowledges the effect of the Tenth Circuit's ruling in *Vincent v. Bondi*, 127 F.4th 1263 (10th Cir. 2025), and notes that he files his Motion for purposes of preserving the record. *Id*. at 3.

In 2022, the Supreme Court examined the Second Amendment's constitutional protection of the right to keep and bear arms. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022). *Bruen* did not concern a criminal statute. Rather, it involved a challenge to federal firearms licensing. *Id.* The *Bruen* decision included a nuanced discussion of Second Amendment caselaw and announced a new rule for evaluating firearms regulation: "[T]he government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 2127.

In September of 2023, the Tenth Circuit issued an opinion addressing *Bruen*. *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023). In *Vincent*, the Tenth Circuit considered whether *Bruen* overruled its precedential decision in *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009), wherein the Tenth Circuit upheld the constitutionality of 18 U.S.C. § 922(g)(1), prohibiting the possession of firearms by *all* previously convicted felons. *Id.* at 1202. The Tenth Circuit held that because *Bruen* did not "indisputably and pellucidly abrogate[]" its ruling in *McCane*, it was obligated to apply its prior precedent. *Vincent*, 80 F.4th at 1202.

In June of 2024, the United States issued its opinion in *United States v. Rahimi*, which considered the constitutionality of 18 U.S.C. § 922(g)(8). *United States v. Rahimi*, 602 U.S. 680 (2024). The *Rahimi* Court articulated the Second Amendment constitutional test to require lower courts to consider "whether the challenged regulation is consistent with the *principles* that underpin our regulatory tradition." *Id.* at 692 (emphasis added). Although not purporting to "undertake an exhaustive historical analysis . . . of the full scope of the Second Amendment," the Supreme Court concluded, "[a]n individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." *Id.* at 702.

On July 2, 2024, on petition for writ of certiorari, the United States Supreme Court vacated and remanded the Tenth Circuit's decision in *Vincent* "for further consideration in light of *United States v. Rahimi*." *Vincent v. Garland*, 144 S. Ct. 2708 (Mem) (July 2, 2024). On February 11, 2025, the Tenth Circuit issued its decision following remand concluding that *Rahimi* did not overrule its prior precedent in *McCane*. *Vincent v. Bondi*, 127 F.4th 1263, (10th Cir. 2025). Following this decision, *McCane*, which upholds the constitutionality of 18 U.S.C. § 922(g)(1), prohibiting the possession of firearms by all previously convicted felons, remains binding on this Court. For this reason, Defendant's argument is foreclosed by *McCane* and *Vincent*.

The Court also notes Defendant's argument related to the sufficiency of the indictment. Dkt. No. 30 at 8-9. Specifically, Defendant argues that because the indictment fails to identify the former felony conviction(s) that constitute an element of the charged offense, the indictment is deficient under the Constitution and Federal Rule of Criminal Procedure 7(c)(1). *Id*.

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997)). The appropriate inquiry on a motion to dismiss an indictment is not whether the Government has presented sufficient evidence to support the charge, but rather whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense. *Id*. (citing *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) and *United States v. Sampson*, 371 U.S. 75, 78–79 (1962)).

Defendant is charged with Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), and 2. Dkt. No. 2 at 1. The elements of 18 U.S.C. § 922(g), are: (1) Defendant knowingly possessed a firearm; (2) Defendant was convicted of a felony, that

is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm; (3) at the time Defendant possessed the firearm, he knew he had been convicted of a felony, that is, a crime punishable by imprisonment for more than one year; and (4) before Defendant possessed the firearm, the firearm had moved at some time from one state to another. *See* Tenth Circuit Pattern Jury Instruction 2.44.

The indictment here plainly sets forth the elements of § 922(g). The allegations contained in the indictment, if true, are sufficient to establish a violation of the offense charged. The Court further finds that the indictment puts Defendant on fair notice of the charges against which he must defend and enables Defendant to assert a double jeopardy defense. Regarding Defendant's argument that he is unable to properly make an "as-applied" attack because the specific convictions are not listed in the indictment, the Court finds this argument is moot as Defendant's *Bruen* argument is foreclosed by binding caselaw as discussed earlier.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Opposed Motion to Dismiss Indictment on Constitutional Grounds and Brief in Support [Dkt. No. 30] is DENIED.

Dated this 8th day of September 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE